E-FILED
Friday, 16 February, 2007  04:42:20 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS JUDICIAL
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **BARBARA ALLENSWORTH,** | ) | |
| **Individually, and as Administrator of** | ) | |
| **THE ESTATE OF DAVID ALLENSWORTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. _____** |
| | ) | |
| **CANADIAN HOME ROTORS** | ) | **JURY DEMAND** |
| **& JOHN DOE MACHINE SHOP** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Now comes the Plaintiff, BARBARA ALLENSWORTH, individually, and as

Administrator of the ESTATE OF DAVID ALLENSWORTH, by and through her counsel,

Clapp, Desjardins & Ely, PLLC and Rammelkamp Bradney, PC, and files the within Complaint

in Civil Action and states as follows:

## PARTIES

1.      At all times mentioned herein, Plaintiff BARBARA ALLENSWORTH is an adult

individual and citizen of the state of Illinois, living at Rural Route 1, Box 148, New Canton, IL

62356.

2.      Plaintiff BARBARA ALLENSWORTH is the duly appointed Administrator of the Estate

 of David Allensworth and brings claims for personal injuries which were suffered shortly before

decedent died.  The claims for personal survive the death of David Allensworth by virtue of the

Survival Act, 755 ILCS 5/27-6.

3.      Plaintiff also brings certain claims as Administrator of the Estate of David Allensworth and on behalf of herself, as wife of the Decedent and on behalf of all statutory beneficiaries entitled to bring an action for wrongful death pursuant to 740 ILCS 180/2.

4.      At all times mentioned herein, Decedent David Allensworth was an adult individual and resident of the state of Illinois, living in the city of New Canton, self-employed as a farmer, employed by Country Companies as a crop adjuster, and employed by AG Sources as an area manager.

5.      At all times mentioned herein, Defendant Canadian Home Rotors is a business located in Ontario, Canada.

6.      At all times mentioned herein, Defendant John Doe Machine Shop is an independent machine shop located in Ontario, Canada, the exact, correct name of which is known only to Defendant, Canadian Home Rotors.

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. 1332(a), jurisdiction is founded on diversity of citizenship in that this action is between Plaintiff, a citizen of the state of Illinois, Defendant Canadian Home Rotors, whose principal place of business is Ontario, Canada, and Defendant John Doe Machine Shop, whose principal place of business is Ontario, Canada.

2.      The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

3.      Pursuant to 28 U.S.C. §§ 93(b) and 1391(a)(2), venue is proper in the Central District of Illinois as the accident that gives rise to this claim occurred in Pike County, Illinois, and the Plaintiff resides in Pike County, Illinois.

## **GENERAL ALLEGATIONS**

1.      Decedent David D. Allensworth (hereinafter "Decedent") piloted an amateur built, single-engine, two-seat experimental helicopter known as a Baby Belle.  Baby Belle helicopters, now called Safari helicopters, are manufactured by defendant Canadian Home Rotors (hereinafter "CHR").

2.      The tail rotor assembly in Decedent's Baby Belle had previously been provided to the Decedent by defendant CHR.

3.      The fabrication of spindles for this tail rotor assembly was contracted out by CHR to defendant John Doe Machine Shop.  Defendant CHR provides drawings of the required tail rotor spindles to John Doe Machine Shop so that they can create the spindles correctly.

4.      On August 28, 2005, the Decedent decided to use his Baby Belle helicopter in order to inspect crops on his farm located in nearby El Dara, Illinois.

5.      Decedent left his home in New Canton, Illinois at approximately 9:00 a.m.  The sky was clear with a few high clouds.  There were no reports of adverse weather conditions.

6.      Decedent typically flew his helicopter at or around 400 feet.

7.      At approximately 9:15 a.m. Decedent's helicopter suffered an in-flight separation of a tail rotor blade, which caused the aircraft to spin and lose its ability to hover.

8.      Eyewitnesses in El Dara saw Decedent's Baby Belle make at least two complete 360° turns then nose dive toward the ground.  They also heard the engine sputter and die as the helicopter began spinning.

9.      The helicopter crashed on its right side at the edge of a soybean field.  Upon impact, the left fuel tank ruptured and the cockpit area was consumed by post-impact fire.  Decedent died of his injuries at the crash site.

10.     Plaintiff BARBARA ALLENSWORTH has lost the companionship, society and comfort of her husband, DAVID ALLENSWORTH.

## COUNT I

### STRICT PRODUCT LIABILITY/ SURVIVAL

For her first cause of action against Defendant, Canadian Home Rotors, Plaintiff states:

1.     Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.     Canadian Home Rotors supplies kits to individual consumers who wish to build Baby Belle (now Safari) helicopters.

3.      CHR is the seller of these kits, and of each individual part contained therein, for the purposes of § 402A of the Restatement (Second) of Torts, which has been incorporated into Illinois state law as 735 ILCS 5/2-621.

4.     Additionally, upon request CHR supplies replacement parts to owners of their helicopters.  CHR is the seller of these replacement parts for the purposes of § 402A of the Restatement (Second) of Torts, as it has been incorporated into Illinois state law.

5.     The helicopter kit and/or replacement parts sold to Decedent contained one or more unreasonably dangerous defects under § 402A of the Restatement (Second) of Torts.

6.     The helicopter kit and/or replacement parts were in a defective condition when they were designed, manufactured, marketed, and sold by CHR for ultimate use by the Decedent.  The same condition of the kit and replacement parts existed and remained unchanged until August 28, 2005.

7.      As a result of the kit and/or replacement parts' defective condition, Decedent's helicopter crashed to the ground.  Decedent suffered shock, mental anguish, fear of his impending death, and ultimately died.

8.      Defendant CHR is strictly liable for all injuries and damages caused by the kit and/or replacement parts' defective condition, pursuant to § 402A of the Restatement (Second) of Torts.

WHEREFORE, Plaintiff prays for judgment against defendant Canadian Home Rotors for compensatory damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) plus costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**COUNT II**

**STRICT PRODUCT LIABILITY/SURVIVAL**

For her first cause of action against Defendant, John Doe Machine Shop, Plaintiff states:

1.      Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.      John Doe Machine Shop provides component parts, including tail rotor spindles, to Canadian Home Rotors.  CHR, in turn, incorporates John Doe Machine Shop's smaller components into larger parts.  These parts are either sold as part of a CHR helicopter kit or provided to existing owners of CHR helicopters.

3.      John Doe Machine Shop is the seller of these parts for the purposes of § 402A of the Restatement (Second) of Torts, which has been incorporated into Illinois state law as 735 ILCS 5/2-621.

4.      The tail rotor spindles sold to CHR contained one or more unreasonably dangerous defects under § 402A of the Restatement (Second) of Torts.

5.      The tail rotor spindles were in a defective condition when they were designed, manufactured, marketed, and sold by John Doe Machine Shop for ultimate use by the Decedent. The same condition of the tail rotor spindles existed and remained unchanged until August 28, 2005.

6.      As a result of the tail rotor spindles' defective condition, Decedent's helicopter crashed to the ground.  Decedent suffered shock, mental anguish, fear of his impending death, and ultimately died.

7.      Defendant John Doe Machine Shop is strictly liable for all injuries and damages caused by the tail rotor spindles' defective condition, pursuant to § 402A of the Restatement (Second) of Torts.

WHEREFORE, Plaintiff prays for judgment against defendant John Doe Machine Shop for compensatory damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) plus costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**


**COUNT III**

**BREACH OF WARRANTY/SURVIVAL**

For her second cause of action against Defendant, Canadian Home Rotors, Plaintiff states:

1.      Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.      Pursuant to  810 ILCS 5/2-313 and 5/2-314, Defendant CHR is subject to an express

warranty and/or an implied warranty of merchantability, under which any goods sold by the

Defendant must be fit for the ordinary purposes for which such goods are used.

3.      Defendant CHR expected that its kit and/or replacement parts would be utilized by

individuals such as the Decedent in the same or similar manner in which the Decedent was using

them at the time of the crash.  The kit and/or replacement parts were defective by design and/or

manufacture, as demonstrated by the helicopter's loss of hovering ability mid-flight.  This defect

rendered the kit and/or replacement parts unreasonably dangerous and therefore unfit for the

ordinary purposes for which they were designed.

4.      As such, CHR breached an express warranty and/or an implied warranty of

merchantability.

5.      As a direct and proximate result of the Defendant's breach of warranty, Decedent's

helicopter crashed to the ground.  Decedent suffered shock, mental anguish, fear of his

impending death, and ultimately died.

        WHEREFORE, plaintiff demands judgment against Defendant CHR for compensatory

damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00)

plus costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**


**COUNT IV**

**BREACH OF WARRANTY/SURVIVAL**

        For her second cause of action against Defendant, John Doe Machine Shop, Plaintiff

states:

1.      Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.      Pursuant to  810 ILCS 5/2-313 and 5/2-314, Defendant John Doe Machine Shop is subject to an express warranty and/or an implied warranty of merchantability, under which any goods sold by the Defendant must be fit for the ordinary purposes for which such goods are used.

3.      Defendant John Doe Machine Shop expected that its kit and/or replacement parts would be utilized by individuals such as the Decedent in the same or similar manner in which the Decedent was using them at the time of the crash.

4.      The tail rotor spindles were defective by design and/or manufacture, as demonstrated by the helicopter's loss of hovering ability mid-flight.  This defect rendered the tail rotor spindles unreasonably dangerous and therefore unfit for the ordinary purposes for which they were designed.

5.      As such, John Doe Machine Shop breached an express warranty and/or an implied warranty of merchantability.

6.      As a direct and proximate result of the Defendant's breach of warranty, Decedent's helicopter crashed to the ground.  Decedent suffered shock, mental anguish, fear of his impending death, and ultimately died.

WHEREFORE, plaintiff demands judgment against Defendant John Doe Machine Shop for compensatory damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) plus costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

## COUNT V

## NEGLIGENCE/SURVIVAL

For her third cause of action against Defendant, Canadian Home Rotors, Plaintiff states:

1.      Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.      Defendant CHR had a duty to use reasonable care in the construction of a safe helicopter kit, and replacement parts thereof, for all foreseeable uses.

3.      Defendant CHR had an additional duty to provide tail rotor spindle drawings to defendant John Doe Machine Shop that specified a relief radius that would be adequate at the point of fatigue failure.

4.      Defendant CHR breached the aforementioned duty to use reasonable care and was negligent, careless and reckless for reasons including, but not limited to, the following acts and/or omissions:

      a.  By failing to properly supervise the assembly of the kit and/or replacement parts in question;

      b.  By failing to ensure that safe and proper materials were incorporated into the assembly of the kit and/or replacement parts;

      c.  By failing to inspect and/or test the materials used in assembly of the kit and/or replacement parts;

      d.  By failing to ensure the safe and proper design of the kit and/or replacement parts;

      e.  By failing to specify and require that manufacturers provide components that are safe and proper for assembly of the kit and/or replacement parts in question;

f.   By incorporating and utilizing unsafe materials, including unsafe tail rotor spindles;

g.   By neglecting to specify and require that tail rotor spindles have a relief radius that would be adequate at the point of fatigue failure;

h.   By other negligent, reckless, and careless acts and/or omissions as yet discovered and defined.

5.       As a direct and proximate result of one or more of the foregoing, Decedent's helicopter crashed to the ground.  Decedent suffered shock, mental anguish, fear of his impending death, and ultimately died.

WHEREFORE, Plaintiff demands judgment against defendant Canadian Home Rotors for compensatory damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) plus costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**COUNT VI**

**NEGLIGENCE AS TO JOHN DOE MACHINE SHOP**

1.       Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.       Defendant John Doe Machine Shop had a duty to use reasonable care in the construction of safe tail rotor spindles for all foreseeable uses.

3.       Defendant John Doe Machine Shop breached the aforementioned duty to use reasonable care and was negligent, careless and reckless for reasons including, but not limited to, the following acts and/or omissions:

10

a. By failing to properly supervise the creation of the tail rotor spindles in question;

b. By failing to ensure that safe and proper materials were incorporated into the creation of the tail rotor spindles;

c. By failing to inspect and/or test the materials used in the creation of the tail rotor spindles;

d. By failing to ensure the safe and proper design of the tail rotor spindles;

e. By failing to specify and require that CHR provide drawings specifying a relief radius that would be safe and proper for the creation of the tail rotor spindles in question;

f. By failing to create tail rotor spindles with a relief radius that would be adequate at the point of fatigue failure;

g. By other negligent, reckless, and careless acts and/or omissions as yet discovered and defined.

4. As a direct and proximate result of one or more of the foregoing, Decedent's helicopter crashed to the ground. Decedent suffered shock, mental anguish, fear of his impending death, and ultimately died.

WHEREFORE, Plaintiff demands judgment against defendant John Doe Machine Shop for compensatory damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) plus costs.

## PLAINTIFF DEMANDS A TRIAL BY JURY

## COUNT VII

## STRICT PRODUCT LIABILITY/ WRONGUL DEATH

11

For her fourth cause of action against Defendant, Canadian Home Rotors, Plaintiff states:

1.     Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.     Canadian Home Rotors supplies kits to individual consumers who wish to build Baby Belle (now Safari) helicopters.

3.     CHR is the seller of these kits, and of each individual part contained therein, for the purposes of § 402A of the Restatement (Second) of Torts, which has been incorporated into Illinois state law as 735 ILCS 5/2-621.

4.     Additionally, upon request CHR supplies replacement parts to owners of their helicopters.  CHR is the seller of these replacement parts for the purposes of § 402A of the Restatement (Second) of Torts, as it has been incorporated into Illinois state law.

5.     The helicopter kit and/or replacement parts sold to Decedent contained one or more unreasonably dangerous defects under § 402A of the Restatement (Second) of Torts.

6.     The helicopter kit and/or replacement parts were in a defective condition when they were designed, manufactured, marketed, and sold by CHR for ultimate use by the Decedent.  The same condition of the kit and replacement parts existed and remained unchanged until August 28, 2005.

7.     As a result of the kit and/or replacement parts' defective condition, Decedent's helicopter crashed to the ground and he was killed.

8.     As a result of his untimely death, his next of kin been deprived of his support, comfort, society, companionship and consortium and have suffered substantial pecuniary injury.

9.     Defendant CHR is strictly liable for all injuries and damages caused by the kit and/or replacement parts' defective condition, pursuant to § 402A of the Restatement (Second) of Torts.

WHEREFORE, Plaintiff prays for judgment against defendant Canadian Home Rotors for compensatory damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) plus costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**<u>COUNT VIII</u>**

**STRICT PRODUCT LIABILITY/WRONGFUL DEATH**

For her foruth cause of action against Defendant, John Doe Machine Shop, Plaintiff states:

1.    Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.    John Doe Machine Shop provides component parts, including tail rotor spindles, to Canadian Home Rotors.  CHR, in turn, incorporates John Doe Machine Shop's smaller components into larger parts.  These parts are either sold as part of a CHR helicopter kit or provided to existing owners of CHR helicopters.

3.    John Doe Machine Shop is the seller of these parts for the purposes of § 402A of the Restatement (Second) of Torts, which has been incorporated into Illinois state law as 735 ILCS 5/2-621.

4.    The tail rotor spindles sold to CHR contained one or more unreasonably dangerous defects under § 402A of the Restatement (Second) of Torts.

5.    The tail rotor spindles were in a defective condition when they were designed, manufactured, marketed, and sold by John Doe Machine Shop for ultimate use by the Decedent.

The same condition of the tail rotor spindles existed and remained unchanged until August 28, 2005.

6.      As a result of the tail rotor spindles' defective condition, Decedent's helicopter crashed to the ground and he was killed.

7.      As a result of his untimely death, his next of kin been deprived of his support, comfort, society, companionship and consortium and have suffered substantial pecuniary injury.

8.      Defendant John Doe Machine Shop is strictly liable for all injuries and damages caused by the tail rotor spindles' defective condition, pursuant to § 402A of the Restatement (Second) of Torts.

WHEREFORE, Plaintiff prays for judgment against defendant John Doe Machine Shop for compensatory damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) plus costs.

## PLAINTIFF DEMANDS A TRIAL BY JURY


## COUNT IX

### BREACH OF WARRANTY/WRONGFUL DEATH

For her fifth cause of action against Defendant, Canadian Home Rotors, Plaintiff states:

1.      Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.      Pursuant to  810 ILCS 5/2-313 and 5/2-314, Defendant CHR is subject to an express warranty and/or an implied warranty of merchantability, under which any goods sold by the Defendant must be fit for the ordinary purposes for which such goods are used.

3.      Defendant CHR expected that its kit and/or replacement parts would be utilized by

14

individuals such as the Decedent in the same or similar manner in which the Decedent was using them at the time of the crash.

4.      The kit and/or replacement parts were defective by design and/or manufacture, as demonstrated by the helicopter's loss of hovering ability mid-flight.  This defect rendered the kit and/or replacement parts unreasonably dangerous and therefore unfit for the ordinary purposes for which they were designed.

5.      As such, CHR breached an express warranty and/or an implied warranty of merchantability.

6.      As a direct and proximate result of the Defendant's breach of warranty, Decedent's helicopter crashed to the ground and he was killed.

7.      As a result of his untimely death, his next of kin been deprived of his support, comfort, society, companionship and consortium and have suffered substantial pecuniary injury.

WHEREFORE, plaintiff demands judgment against Defendant CHR for compensatory damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) plus costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**<u>COUNT X</u>**

**BREACH OF WARRANTY/WRONGFUL DEATH**

For her fifth cause of action against Defendant, John Doe Machine Shop, Plaintiff states:

1.      Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.      Pursuant to  810 ILCS 5/2-313 and 5/2-314, Defendant John Doe Machine Shop is subject to an express warranty and/or an implied warranty of merchantability, under which any goods sold by the Defendant must be fit for the ordinary purposes for which such goods are used.

3.      Defendant John Doe Machine Shop expected that its kit and/or replacement parts would be utilized by individuals such as the Decedent in the same or similar manner in which the Decedent was using them at the time of the crash.

4.      The tail rotor spindles were defective by design and/or manufacture, as demonstrated by the helicopter's loss of hovering ability mid-flight.  This defect rendered the tail rotor spindles unreasonably dangerous and therefore unfit for the ordinary purposes for which they were designed.

5.      As such, John Doe Machine Shop breached an express warranty and/or an implied warranty of merchantability.

6.      As a direct and proximate result of the Defendant's breach of warranty, Decedent's helicopter crashed to the ground and he was killed.

7.      As a result of his untimely death, his next of kin been deprived of his support, comfort, society, companionship and consortium and have suffered substantial pecuniary injury.

WHEREFORE, plaintiff demands judgment against Defendant John Doe Machine Shop for compensatory damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) plus costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

16

## COUNT XI

### NEGLIGENCE/WRONGFUL DEATH

For her sixth cause of action against Defendant, Canadian Home Rotors, Plaintiff states:

1.     Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.     Defendant CHR had a duty to use reasonable care in the construction of a safe helicopter kit, and replacement parts thereof, for all foreseeable uses.

3.     Defendant CHR had an additional duty to provide tail rotor spindle drawings to defendant John Doe Machine Shop that specified a relief radius that would be adequate at the point of fatigue failure.

4.     Defendant CHR breached the aforementioned duty to use reasonable care and was negligent, careless and reckless for reasons including, but not limited to, the following acts and/or omissions:

   a.   By failing to properly supervise the assembly of the kit and/or replacement parts in question;

   b.   By failing to ensure that safe and proper materials were incorporated into the assembly of the kit and/or replacement parts;

   c.   By failing to inspect and/or test the materials used in assembly of the kit and/or replacement parts;

   d.   By failing to ensure the safe and proper design of the kit and/or replacement parts;

   e.   By failing to specify and require that manufacturers provide components that are safe and proper for assembly of the kit and/or replacement parts in question;

f.   By incorporating and utilizing unsafe materials, including unsafe tail rotor spindles;

g.   By neglecting to specify and require that tail rotor spindles have a relief radius that would be adequate at the point of fatigue failure;

h.   By other negligent, reckless, and careless acts and/or omissions as yet discovered and defined.

5.      As a direct and proximate result of one or more of the foregoing, Decedent's helicopter crashed to the ground and he was killed.

6.      As a result of his untimely death, his next of kin been deprived of his support, comfort, society, companionship and consortium and have suffered substantial pecuniary injury.

WHEREFORE, Plaintiff demands judgment against defendant Canadian Home Rotors for compensatory damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) plus costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**<u>COUNT XII</u>**

**NEGLIGENCE/WRONGFUL DEATH**

For her sixth cause of action against Defendant, John doe Machine Shop, Plaintiff states:

1.      Plaintiff hereby re-alleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

2.      Defendant John Doe Machine Shop had a duty to use reasonable care in the construction of safe tail rotor spindles for all foreseeable uses.

3.      Defendant John Doe Machine Shop breached the aforementioned duty to use reasonable

care and was negligent, careless and reckless for reasons including, but not limited to, the

following acts and/or omissions:

    a.   By failing to properly supervise the creation of the tail rotor spindles in question;

    b.   By failing to ensure that safe and proper materials were incorporated into the

creation of the tail rotor spindles;

    c.   By failing to inspect and/or test the materials used in the creation of the tail rotor

spindles;

    d.   By failing to ensure the safe and proper design of the tail rotor spindles;

    e.   By failing to specify and require that CHR provide drawings specifying a relief

radius that would be safe and proper for the creation of the tail rotor spindles in

question;

    f.   By failing to create tail rotor spindles with a relief radius that would be adequate

at the point of fatigue failure;

    g.   By other negligent, reckless, and careless acts and/or omissions as yet discovered

and defined.

4.      As a direct and proximate result of one or more of the foregoing, Decedent's helicopter

crashed to the ground and he was killed.

5.      As a result of his untimely death, his next of kin been deprived of his support, comfort,

society, companionship and consortium and have suffered substantial pecuniary injury. As a

result of his untimely death, his next of kin been deprived of his support, comfort, society,

companionship and consortium and have suffered substantial pecuniary injury.

WHEREFORE, Plaintiff demands judgment against defendant John Doe Machine Shop for compensatory damages in an amount in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) plus costs.

## PLAINTIFF DEMANDS A TRIAL BY JURY

BY:   CLAPP, DESJARDINS & ELY, PLLC


     s/ Michael B. Ely
     Michael B. Ely (*pro hac vice*)
     Attorney for Plaintiff
     CLAPP, DESJARDINS & ELY, PLLC
     444 North Capitol St., NW
     Hall of the States, Suite 828
     Washington, D.C. 20001
     Telephone:  (202) 638-5300
     E-mail: mbe@cdelaw.net


BY:   RAMMELKAMP BRADNEY, P.C.

     s/ Gary L. Cline
     Gary L. Cline, 6180124
     Attorney for Plaintiff
     RAMMELKAMP BRADNEY, P.C.
     520 E. Allen Street
     Springfield, IL  62703
     Telephone:  (217) 522-6000
     Fax:  (217) 522-6080
     E-mail: gcline@rblawyers.net

**E-FILED**
Friday, 16 February, 2007  04:42:44 PM
Clerk, U.S. District Court, ILCD

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BARBARA ALLENSWORTH, Individually, and as Administrator of
THE ESTATE OF DAVID ALLENSWORTH,

**(b)** County of Residence of First Listed Plaintiff    Pike County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See attachement

## DEFENDANTS

CANADIAN HOME ROTORS & JOHN DOE MACHINE SHOP

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     (U.S. Government Not a Party)

☒ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☒ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Security Act | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
Product Liability, Kit Airplane crashed

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER F.R.C.P. 23

DEMAND $
70,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):    JUDGE                    DOCKET NUMBER

DATE
2/16/07

SIGNATURE OF ATTORNEY OF RECORD
_Garry I. Cline by ajd_

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# ATTACHMENT

**Attorneys for Plaintiff**

Michael B. Ely (*pro hac vice*)
CLAPP, DESJARDINS & ELY, PLLC
444 North Capitol St., NW
Hall of the States, Suite 828
Washington, D.C. 20001
Telephone:   (202) 638-5300
E-mail: mbe@cdelaw.net


Gary L. Cline, 6180124
RAMMELKAMP BRADNEY, P.C.
520 E. Allen Street
Springfield, IL  62703
Telephone:  (217) 522-6000
Fax:  (217) 522-6080
E-mail: gcline@rblawyers.net