## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

BARBARA ALLENSWORTH,

Individually, and as Administrator of
THE ESTATE OF DAVID
ALLENSWORTH,

          Plaintiffs,

vs.

CANADIAN HOME ROTORS, *et al.*,

          Defendants.

**Case No.: 3:07-cv-03051**

**MOTION FOR JUDGMENT**
**AND**
**REQUEST FOR HEARING**

## MOTION FOR JUDGMENT
## AND
## REQUEST FOR HEARING ON PLAINTIFF'S DAMAGES

NOW COMES the Plaintiff, BARBARA ALLENSWORTH, by and through her attorneys Clapp, Desjardins & Ely, PLLC, and Rammelkamp Bradney, P.C., and requests this Honorable Court for an Order entering judgment against Defendant, CANADIAN HOME ROTORS, pursuant to Rule 55 of the Federal Rules of Civil Procedure for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. Furthermore, Plaintiff requests a hearing with this court in order to determine the amount of damages suffered by the Plaintiff pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff submits the following facts in support of this motion:

Complaint in this action was filed on February 16, 2007. A waiver of service was sent to the Defendant CANADIAN HOME ROTORS, P.O. Box 370, 4 Roy Street, Ear Falls, ON POV 1TO by the Plaintiff on March 8, 2007. *See* notice of lawsuit and waiver of summons, attached hereto

and incorporated by reference as Exhibit "A." Although Counsel for the Plaintiff received no response, the Defendant did contact the Plaintiff BARBARA ALLENSWORTH directly. Accordingly, summons was then requested by the Plaintiff and issued by the Clerk on May 25, 2007. The summons was then sent directly to the Defendant, CANADIAN HOME ROTORS, served on the Defendant via International Registered Mail, Return Receipt on February 2, 2007. Service of the Summons and complaint in this matter were and are in compliance with Canada's 1988 accession to the Hague Convention for the Service Abroad of Judicial Documents, and pursuant to Ontario Regulation 114/99, Rule 6(Service of Documents). *See* Affidavit and Declaration of Server filed on July 18, 2007 (exhibits included) attached hereto and incorporated by reference as Exhibit "B."

Service was effectuated over the Defendant on June 19, 2007. *See* Exhibit "B," at Exhibit "4." To date, Defendant has not filed an answer or any other such responsive pleading with the Court, nor has the Defendant made a motion for more time in order to answer the complaint. The only document on file with the Court submitted by the Defendant is a correspondence, dated July 16, 2007 and filed with the Court on July 20, 2007, stating that they, CANADIAN HOME ROTORS, were not at fault and had no money. *See* correspondence from Canadian Home Rotors to the United States District Court for the Central District of Illinois, attached hereto and incorporated by reference as Exhibit "C."

Defendant CANADIAN HOME ROTORS is a corporate entity, and is not an infant or incompetent, nor a soldier or sailor so as to fall under the Soldier and Sailors Relief Act of 1940. As it had been more than 20 days since the Defendant CANADIAN HOME ROTORS had received the summons and complaint, and Defendant had failed to plead or otherwise defend

against Plaintiff's complaint, Default was entered by this court on July 19, 2007. *See* Entry of

Default, attached hereto and incorporated by reference as Exhibit "D."

**WHEREFORE,** Plaintiff respectfully requests that that this Honorable Court enter

judgment against Defendant, CANADIAN HOME ROTORS, and further, that this Honorable

Court conduct a hearing in order to determine the amount of damages suffered by the Plaintiff

BARBARA ALLENSWORTH.


Dated this 27th day of July, 2007.


Respectfully submitted

RAMMELKAMP BRADNEY, P.C.


_____/s/ Gary Cline_____
Gary Cline (6180124)
Rammelkamp Bradney, P.C.
520 East Allen St.
Springfield, IL 62703
217-522-6000 (PH)
217-522-6018 (F)
Counsel for Plaintiff

E-FILED
Tuesday, 31 July, 2007 04:41:05 PM
Clerk, U.S. District Court, ILCD

# CLAPP, DESJARDINS AND ELY, PLLC
### ATTORNEYS AT LAW

MICHAEL B. ELY*

444 NORTH CAPITOL ST., N.W.
HALL OF THE STATES, SUITE 828
WASHINGTON, D.C. 20001
Fax (202) 393-1725

(202)638-5300

February 27, 2007

*Via Federal Express (Tracking No. 7990 9479 3050)*

Canadian Home Rotors
P.O. Box 370
4 Roy Street
Ear Falls, ON POV 1T0

**Re: Barbara Allensworth v. Canadian Home Rotors**
**United States District Court for the Central District of Illinois**
**Case #: 3:07-cv-03051-RM-BGC**

Dear Sir or Madam:

Our office represents Barbara Allensworth, individually and as Administrator of the Estate of David Allensworth, for the wrongful death of David Allensworth resulting from a helicopter crash on August 28, 2005. Enclosed please find a NOTICE OF LAWSUIT and two copies of a Waiver of Service of Summons, and a stamped complaint.

If you wish to waive service, please mail a signed waiver form to our office within 60 days of receipt of this letter, in the self addressed stamped envelope provided. If I do not receive your waiver within 60 days, I will be forced to serve the summons and complaint through the proper judicial process. The unnecessary cost of service of the summons and the complaint may then become your responsibility.

If you have any questions or concerns regarding this matter, please do not hesitate to contact our office at **(202) 638-5300**.

Sincerely,
CLAPP, DESJARDINS & ELY

MICHAEL B. ELY

MBE/kmc
Enclosures

**E-FILED**
Tuesday, 13 March, 2007  02:25:17 PM
Clerk, U.S. District Court, ILCD

AO 398  (Rev. 12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: (A)  Canadian Home Rotors

as    (B) _____ of (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).  A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the (D) Central District of Illinois

and has been assigned docket number (E)    3:07-cv-03051 .

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within (F)  60  days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope (or other means of cost-free return) for your use.  An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this    8    day of MARCH , 2007 .

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____ Clapp, Desjardins & Ely _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Canadian Home Rotors _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of   Barbara Allensworth v. Canadian Home Rotors, et. al. _____,
(CAPTION OF ACTION)

which is case number   3:07-cv-03051-RM-BGC _____ in the United States District Court
(DOCKET NUMBER)

for the _____ Central _____ District of _____ Illinois _____.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after _____ 3/8/2007 _____,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____                    _____
(DATE)                                      (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                    (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____ Clapp, Desjardins & Ely _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Canadian Home Rotors_____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Barbara Allensworth v. Canadian Home Rotors, et. al._____,
(CAPTION OF ACTION)

which is case number ___3:07-cv-03051-RM-BGC_____ in the United States District Court
(DOCKET NUMBER)

for the _____Central_____ District of _____Illinois_____.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after _____3/8/2007_____,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____                          _____
(DATE)                                           (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

BARBARA ALLENSWORTH,
Individually, and as Administrator of
THE ESTATE OF DAVID
ALLENSWORTH,

          Plaintiffs,

       vs.

CANADIAN HOME ROTORS, *et al.*.

         Defendants.

Case No.: 3:07-cv-03051

**AFFIDAVIT AND DECLARATION**
**OF SERVER**

---

### AFFIDAVIT AND DECLARATION OF SERVER

    I, MICHAEL B. ELY, having personal knowledge and being of competent mind, do hereby attest to the following:

1) I am the attorney of record in this case and my business address is 444, North Capitol St., NW, Hall of the States, Ste. 828, Washington, DC 20001;

2) On **June 7, 2007**, I caused to be deposited in the U.S. mail a time stamped copy of Plaintiff's Complaint and summons to the Defendant CANADIAN HOME ROTORS in the above captioned action (*See* USPS Form 3806, Receipt for Registered Mail, attached hereto and incorporated by reference as Exhibit "1");

3) The Complaint and summons were in English, and these documents were sent via International Registered Mail, Return Receipt (article no.RB270961337US), addressed to the Defendant, CANADIAN HOME ROTORS, P.O. Box 370, 4 Roy Street, Ear Falls,



ON POV 1TO, in accordance with the Canada's 1988 accession to the Hague Convention for the Service Abroad of Judicial Documents, and pursuant to Ontario Regulation 114/99, Rule 6(Service of Documents) (attached hereto and incorporated by reference as Exhibits "2" and "3" respectively);

4) The Return Card (article no. RB270961337US) was signed for on **June 19, 2007** (*See* USPS Return Receipt for International Mail card, attached hereto and incorporated by reference as Exhibit "4"), and returned to my office via regular mail.

I declare under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this 11th day of July, 2007.

Respectfully submitted

 /S/ Michael B. Ely
MICHAEL B. ELY
Affiant

2

Registered No. RB270961337US

Date Stamp

| | | | | |
|---|---|---|---|---|
| Reg. Fee | $10.15 | | | 0113 |
| Handling Charge | $0.00 | Return Receipt | $2.15 | 22 |
| Postage | $1.93 | Restricted Delivery | $0.00 | 06/07/07 |
| Received by | | | | |

To Be Completed By Post Office

Customer Must Declare Full Value $ 0.00

☐ With Postal Insurance
☒ Without Postal Insurance

Domestic Insurance up to $25,000 is included in the fee. International indemnity is limited. (See Reverse).

**OFFICIAL USE**

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

FROM
(2001) PP, DESJORDINS & ELY, PLLC
444 N. CAPITOL ST.
HALL OF THE STATES, SUITE 828)
WASHINGTON DC 20001

TO
CANADIAN HOLE RODODS
PO BOX 370  CA Canada
4 ROY STREET
EAR FALLS, ON POV 1TO

PS Form 3806,   **Receipt for Registered Mail**   Copy 1 - Customer
May 2004 (7530-02-000-9051)                    (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

EXHIBIT
1
tabbies®

## 2. Methods of service employed by the Central Authority (Article 5)

### 2.1 Formal service (Article 5, paragraph 1, sub-paragraph *a*)

In Canada, service will be effected according to the methods of service prescribed by the laws in force in each province and territory.
The normal procedure that will be used by Central Authorities in Canada is personal service made by a sheriff or deputy sheriff or a *huissier* in Quebec, on an individual or on a corporation by handing a copy of the document to the defendant in person, wherever he may be, or to the President, Chairman or other Chief Officer of a corporation at the place of business. Service may also be effected by leaving a copy of the document with a person of a reasonable age at the defendant's domicile or residence.
Where service is made on a corporation, provincial laws usually provide for service on a director or senior officer of the corporation or, in some cases, on a registered agent or on a responsible person at the registered office of the corporation.

### 2.2 Informal delivery (Article 5, paragraph 2)

The practice of informal delivery ("par simple remise") of judicial or extrajudicial documents is not known in Canada.

### 2.3 Service by a particular method (Article 5, paragraph 1, sub-paragraph *b*)

In Alberta, New Brunswick and Ontario, service will be made by certified mail at the option of the requesting party. In Ontario, the Central Authority will serve by any form of mail, at the option of the requesting party.

### 2.4 Translation requirements (Article 5, paragraph 3)

For both formal service and service by a particular method, translation requirements will depend on the province or territory concerned.
For Alberta, British Columbia, Newfoundland, Nova Scotia, Prince Edward Island, Saskatchewan, all documents must be written in or translated into English.
For Ontario, Manitoba, the Northwest Territories and Nunavut, all documents must be written in or translated into English or French.
For New Brunswick and the Yukon, all documents must be written in or translated into English or French. The Central Authority of New Brunswick or the Yukon may reserve the right to require documents to be translated into English or French depending on the language understood by the addressee.
For Quebec, translation will be required in all cases where the recipient does not understand the language in which the document is written. All documents which commence actions must be translated. Summary translation of all other documents is acceptable if the recipient agrees. Translation is to be done into the French language; however, the Quebec Central Authority may, upon request, allow a translation in English at the condition that the recipient understands this language.



# Courts of Justice Act

## ONTARIO REGULATION 114/99

*Amended to O. Reg. 120/07*

### FAMILY LAW RULES

**Notice of Currency:*** This document is up to date.

*This notice is usually current to within two business days of accessing this document. For more current amendment information, see the <u>Table of Regulations - Legislative History Overview</u> .

***This is the English version of a bilingual regulation.***

### CONTENTS

| | |
|---|---|
| 1. | General |
| 2. | Interpretation |
| 3. | Time |
| 4. | Representation |
| 5. | Where a case starts and is to be heard |
| 6. | Service of documents |
| 7. | Parties |
| 8. | Starting a case |
| 8.1 | Mandatory information program in the Superior Court of Justice in Toronto |
| 9. | Continuing record |
| 10. | Answering a case |
| 11. | Amending an application, answer or reply |
| 12. | Withdrawing, combining or splitting cases |
| 13. | Financial statements |
| 14. | Motions for temporary orders |
| 15. | Motions to change a final order or agreement |
| 16. | Summary judgment |
| 17. | Conferences |
| 18. | Offers to settle |
| 19. | Document disclosure |
| 20. | Questioning a witness and disclosure |
| 21. | Report of Children's Lawyer |
| 22. | Admission of facts |
| 23. | Evidence and trial |
| 24. | Costs |
| 25. | Orders |
| 26. | Enforcement of orders |
| 27. | Requiring financial information |
| 28. | Seizure and sale |
| 29. | Garnishment |
| 30. | Default hearing |
| 31. | Contempt of court |
| 32. | Bonds, recognizances and warrants |
| 33. | Child protection |
| 34. | Adoption |
| 35. | Change of name |
| 36. | Divorce |
| 37. | Interjurisdictional Support Orders Act, 2002 |
| 37.1 | Provisional Orders and Confirmation of Provisional Orders - Divorce Act, Family Law Act |
| 38. | Appeals |



EXHIBIT
3

39.   Case management in Family Court of Superior Court of
      Justice
40.   Case management in Ontario Court of Justice
41.   Case management in the Superior Court of Justice (other
      than the Family Court of the Superior Court of Justice)
42.   Appointment of Family Case Manager in the Family Court
      of the Superior Court of Justice in Ottawa

# RULE 6: SERVICE OF DOCUMENTS

**METHODS OF SERVICE**

    **6. (1)** Service of a document under these rules may be carried out by regular service or by special service in accordance with this rule, unless an Act, rule or order provides otherwise. O. Reg. 114/99, r. 6 (1).

**REGULAR SERVICE**

    **(2)** Regular service of a document on a person is carried out by,

    (a) mailing a copy to the person's lawyer or, if none, to the person;

    (b) sending a copy by courier to the person's lawyer or, if none, to the person;

    (c) depositing a copy at a document exchange to which the person's lawyer belongs;

    (d) faxing a copy to the person's lawyer or, if none, to the person; or

    (e) carrying out special service. O. Reg. 114/99, r. 6 (2).

**UNITED STATES POSTAL SERVICE®**

Return Receipt for International Mail
(Registered, Insured, Recorded Delivery or Express Mail)

Par Avion

*Administration des Postes des États-Unis d'Amérique*

Return by the quickest route (air or surface mail), à découvert and postage free

*A renvoyer par la voie la plus rapide (aérienne ou de surface), à découvert et en franchise de port*

The sender completes and indicates the address for the return of this receipt
(*A remplir par l'expéditeur, qui indiquera son adresse pour le renvoi du présent avis*)

Name or firm (*Nom ou raison sociale*)

**CLAPP, DESJARDINS & ELY, PLLC
444 North Capitol St., NW
Hall of the States, Ste 828
Washington, DC 20001-1579**

UNITED STATES OF AMERICA — États-Unis d'Amérique

PS Form 2865, February 1997    *Avis de réception*    CN07 (Old 05)

---

| Item Description (*Nature de l'envoi*) | Registered Article (*Envoi recommandé*) | Letter (*Lettre*) | Printed Matter (*Imprimé*) | Other (*Autre*) | Recorded Delivery (*Envoi à livraison attestée*) | Express Mail International |

Insured Parcel (*Colis avec valeur déclarée*)    Insured Value (*Valeur déclarée*)    Article Number

Office of Mailing (*Bureau de dépôt*)    Date of Posting (*Date de dépôt*)

**Canadian Home Rotors
P.O. Box 370
4 Roy Street
Ear Falls, ON  POV  1TO**

This receipt must be signed by: (1) the addressee; or (2) a person authorized to sign the regulations of the country of destination or, (3) if these regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

(*Cet avis doit être signé par le destinataire ou par une personne y autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier directement à l'expéditeur.*)

☐ The article mentioned above was duly delivered.
(*L'envoi mentionné ci-dessus a été dûment livré.*)

Date

Signature of Addressee (*Signature du destinataire*)    Office of Destination Employee's Signature (*Signature de l'agent du bureau de destination*)

PS Form 2865, February 1997 (Reverse)

EXHIBIT
4
tabbies®


E-FILED
Tuesday, 30 July, 2007 05:48:30 PM
Clerk, U.S. District Court, ILCD



*Canadian Home Rotors Inc.*

P. O. Box 370, 4 Roy Street
Ear Falls, Ontario, P0V 1T0  (807) 222-2474
Canada
Website:   www.acehelicopter.com

July 16, 2007

CASE # 3:07-cv-03051-RM-BGC

FILED

JUL 20 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Mr. Gary L. Cline
Rammelkamp Bradney, P. C.
520 E. Allen Street
Springfield, IL 62703

Re:     Allensworth

Dear Mr. Cline,

        We have received the documents regarding the complaint of Barbara Allensworth.  We have not been unconcerned about the pending legal proceeding; however, we are unable to afford counsel to defend the company in this matter.

        While we deeply regret the loss of our friend and Mrs. Allensworth's husband, Canadian Home Rotors, Inc. (CHR) is not responsible for his death.

        A number of allegations in the complaint are incorrect.

        In the case of an aircraft categorized as "experimental" by the Federal Aviation Administration, the builder is considered to be the manufacturer.  In the case of this particular machine, we did not sell the kit to Mr. Allensworth.  He purchased it from another party.

        We have no proof that the tail rotor spindle in Mr. Allensworth's machine was provided by CHR.  It was a homebuilt aircraft, and had been rebuilt by Mr. Allensworth, a skilled machinist with considerable equipment in his shop, after an earlier incident.  That incident was a result of pilot error.

        The tail rotor assembly, in which the part in question is found, is shipped to the buyer of a kit as a complete unit.  There are no parts contained in that unit that we recommend the owner replace.

        The design of the part in question was unchanged until August 28, 2005 because it had never been implicated in an accident, except when the owner had disassembled the tail rotor assembly and reassembled it incorrectly.  We have no reason to this day to believe that there exists any design flaw or defect in the parts we produce.

        We do understand that this letter has no legal standing.  We realize that your firm will pursue this matter, and there is little we can do to prevent that.  We have no insurance, as product liability cannot be purchased for an "experimental, homebuilt helicopter kit."  While we have been in business for many years, we have not been profitable for the last several years, and have no assets to speak of.  We do not have the thousands of dollars it would take to defend ourselves.  If you like, we can provide financials or tax returns for the company.  Our fiscal year ends June 30, so we are just completing the accounting for this year, and the tax returns have not been completed.  We can send you what we have.

                                                Sincerely,

                                                *Murray Sweet*

                                                Murray Sweet
                                                President

cc:     Clapp, Desjardins and Ely, PLLC
        Clerk of Court
        United States District Court
        Barbara Allensworth

*Developed In Ear Falls – Flown Around The World*

E-FILED
Tuesday, 19 July, 2007  00:02:07 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BARBARA ALLENSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  07-CV-3051 |
| | ) | |
| CANADIAN HOME ROTORS, et al., | ) | |
| | ) | |
| Defendants . | ) | |

## ORDER OF DEFAULT

## BEFORE U.S. MAGISTRATE JUDGE BYRON CUDMORE:

This cause coming on to be heard before the Court upon Plaintiff's Status Report [4] requesting entry of default as to Defendant Canadian Home Rotors.  The Court, being fully advised in the premises, finds that Defendant Canadian Home Rotors has failed to answer the Complaint filed herein in a timely fashion as required by the Federal Rules of Civil Procedure. Defendant Canadian Home Rotors is a business located in Ontario, Canada.  Pursuant to Plaintiff's Status Report, after two attempts to obtain a waiver of service from Defendant, Plaintiff served Defendant Canadian Home Rotors via certified mail, return receipt requested. The return card for that mailing was signed as received on June 19, 2007.  This type of service is in keeping with Federal Rule of Civil Procedure 4(f)(1) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents for Ontario, Canada.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that default be, and the same is, hereby entered against Defendant Canadian Home Rotors for its failure to answer in this cause in a timely manner as provided by the Federal Rules of Civil Procedure, the Hague Convention, and the rules of this Court.

IT IS FURTHER ORDERED that this cause of action is subject to dismissal for failure to prosecute unless within fourteen (14) days of the entry of this Order of Default, the Plaintiff makes application to the District Court for the entry of a default judgment against Defendant Canadian Home Rotors.

ENTERED   July 19, 2007

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE